Attorneys—Irwin D. Allen for the motion; Burch, Bacon, Denlinger & Seikel, contra; all of Akron.

---

## No. 3
## CHANDLER v. HORNE et
Ohio Appeals, 9th Dist., Summit Co.

No. 1160. Decided Nov. 24, 1926

**489. EXEMPTIONS—1. In Ohio, a debtor has no vested rights in statutes fixing exemptions.**

**2. As the amendment to 11,725 GC. which became effective July 21, 1925, decreasing a debtor's exemptions, did not relate to the remedy, a defendant in a civil suit suit pending at that time is not entitled to the exemptions allowed by the prior law as against the judgment obtained in said suit.**

## PARDEE, P. J.

Caroline Chandler brought an action in the Summit Common Pleas in the nature of a creditor's bill, as authorized by Sec. 11760 GC., to collect a money judgment which she had obtained in the Akron Municipal court against Howard Horne et. The lower court held for Horne and Chandler brings error.

The question involved is whether Horne is entitled to a vested right to the exemptions as they were set forth in said section at the

time suit was started in the Municipal court.

Horne also claims the benefit of 26 GC. which was in force at the time the suit was started. The statute reads "Whenever a statute is repealed or amended, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, - - - -" This section is to be read as a saving clause in all statutes which amend or repeal prior legislation. Upon these two questions the Court of Appeals held:

1. In some state, exemptions are provided in their constitutions, but in this state the right to provide for exemptions rests entirely in the discretion of the general assembly.

2. Statutory provisions creating exemptions have always been considered as resting in sound public policy, to prevent citizens from being oppressed by unjust and harassing litigations. The common law does not recognize exemptions and every species of property of a debtor was liable for payment of his debts.

3. Every government recognizes the moral duty of every debtor to pay his just debts, and when granting immunity from them, does not base them on any consideration moving from the debtor but solely from motives of public policy, of which the state is the sole judge. 16 Ohio 348.

4. For these reasons Horne had no vested right in the exemption laws prior to their modification of July 21, 1925.

5. Black's Law Dictionary, says "Remedy is the means by which a violation of a right is prevented, redressed or compensated" and that one class into which they are divided is "judicial remedy," that is, action or suit.

6. After the remedy is provided, wrongs exist in contemplations of law. So in this case, did the amendment decreasing the amount of money which Horne could hold exempt from execution, affect the remedy of the pending case.

7. The law did not relate in any way to the case then pending, but it related to the amount of property which the debtor might hold exempt from his debts—not a particular debt but any which he might owe.

8. This has nothing to do with the remedy in the sense contemplated by the law—making body and in no way affects Horne's remedy.

Judgment reversed.

(Washburn & Funk, JJ., concur.)

Attorneys—Robt. Ryder for Chandler; Slabaugh, Seiberling, Huber and Guinther for Horne et; all of Akron.